UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

_____x
                                      :
In re:                                :    CHAPTER 11
                                      :              50396
ANDREW N. KORNSTEIN                   :    CASE NO. 19-_____ (jam)
                                      :
        Debtor.                       :
                                      :
_____x

**DEBTOR'S APPLICATION TO EMPLOY**
**NEUBERT, PEPE & MONTEITH, P.C. AS COUNSEL**

Pursuant to 11 U.S.C. Section 1107 and Rule 2014 of the Federal Rules of Bankruptcy Procedure, the debtor, Andrew N. Kornstein ("Debtor"), hereby applies for an order authorizing the employment of the law firm of Neubert, Pepe & Monteith, P.C. ("NPM") as his counsel as of the Petition Date. In support of this application, the Debtor respectfully represents as follows:

**BACKGROUND**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334.

2.      On March 26, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code")

3.      The Debtor continues in possession of his property as a debtor-in-possession pursuant to Sections 1107 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

**RELIEF REQUESTED**

4.      Pursuant to Section 327(a) of the Bankruptcy Code, the Debtor desires to employ and retain NPM as counsel under a general retainer.

5.    NPM maintains offices in New Haven and Fairfield, Connecticut. NPM was founded in 1993 and has a widely diversified general and corporate practice. The firm currently employs 27 lawyers, who are assisted by five paralegals.

6.    The Debtor selected NPM as his counsel because of NPM's expertise in financial reorganizations, bankruptcy, corporate, and litigation matters. NPM is well suited for the type of representation required by the Debtor. NPM has substantial resources and expertise in the areas of the law that may arise in this case, including bankruptcy, finance, real estate, tax, and litigation.

7.    The Debtor contemplates that NPM will render general legal services to the Debtor as needed throughout the course of his Chapter 11 case, including the following:

    a.    Advising the Debtor of his rights, powers, and duties as a debtor and debtor-in-possession continuing to operate and manage his property;

    b.    Advising the Debtor concerning, and assisting in the negotiation and documentation of, financing agreements, debt restructuring, and related transactions;

    c.    Reviewing the nature and validity of any liens asserted against the property of the Debtor, and advising the Debtor concerning the enforceability of such liens;

    d.    Advising the Debtor concerning the actions that these might take to collect and to recover property for the benefit of the Debtor's estate;

    e.    Preparing on the Debtor's behalf necessary and appropriate applications, motions, pleadings, draft orders, notices, and other documents, and reviewing all financial and other reports to be filed in this Chapter 11 case;

    f.    Advising the Debtor concerning, and preparing responses to, applications, motions, pleadings, notices, and other papers which may be filed and served in this Chapter 11 case;

    g.    Counseling the Debtor in connection with the formulation, negotiation, and prosecution of a plan of reorganization and related documents; and

       h.     Performing all other legal services for and on behalf of the Debtor which may be necessary or appropriate in the administration of this Chapter 11 case.

8. Subject to the Court's approval, NPM will charge the Debtor for legal services on an hourly basis in accordance with its ordinary and customary hourly rates for cases of this nature. NPM will also bill for out-of-pocket expenses made on behalf of the Debtor, including copy charges, travel expenses, telephonic conferencing services, and online research charges.

9. NPM intends to apply to this court for compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Court's Local Rules.

10. NPM has received a retainer in the amount of $25,000 from the Faye Kornstein Irrevocable Trust to be applied toward services rendered by NPM on the Debtor's behalf.

11. To the best of the Debtor's knowledge, information, and belief, NPM represents no interest adverse to the Debtor or to his estate in the matters for which it is proposed to be retained.

12. The Debtor submits that the employment of NPM would be in the best interests of the Debtor, his estate, and creditors. An affidavit executed on behalf of NPM in accordance with the provisions of Section 327 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedures, and Local Rule of Bankruptcy Procedure 2014-1, is attached hereto as <u>Exhibit A</u> and is incorporated herein by reference.

**WHEREFORE**, the Debtor seeks an Order authorizing the employment of Neubert, Pepe & Monteith, P.C. as his counsel as of the Petition Date for the reasons set forth above, and for such other and further relief as may be just and proper.

Dated: March 26, 2019
WILTON, CT

_____
Andrew N. Kornstein

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

————————————————————x
In re:                                              :     CHAPTER 11
                                                    :
ANDREW N. KORNSTEIN                                 :     CASE NO. 19-50396 (JAM)
                                                    :
           Debtor.                                  :
————————————————————x

**VERIFIED RULE 2014 STATEMENT OF**
**NEUBERT, PEPE & MONTEITH, P.C.**

STATE OF CONNECTICUT )
                     ) ss: New Haven
COUNTY OF NEW HAVEN )

I, Douglas S. Skalka, being duly sworn, hereby depose and say as follows:

1. I am a principal of the law firm of Neubert, Pepe & Monteith, P.C. ("NPM"), and am duly admitted to practice in the State of Connecticut and in the United States District Court for the District of Connecticut.

2. NPM maintains offices for the practice of law at 195 Church Street, New Haven, Connecticut and 2150 Post Road, Suite 201, Fairfield, Connecticut.

3. To ascertain NPM's connections with the Debtor, the creditors of the estate, parties in interest (and their respective attorneys and accountants), the United States Trustee, or any person employed in the office of the United States Trustee, I caused NPM's employees to examine NPM's records to determine NPM's connections with the aforementioned parties. In addition, I discussed with NPM's attorneys matters which appeared to have connections with the Debtor, its creditors, or parties in interest. To the best of my knowledge, after taking such steps, the following statements relating to NPM's status with respect to the requirements of 11 U.S.C. Section 327 are true.

4. To the best of my knowledge, NPM has not represented and does not represent the Debtor's creditors or other parties-in-interest in connection with the Debtor except that NPM has represented M&T Bank in loan transactions unrelated to the Debtor or this case. The amount of revenue generated by NPM's representation of M&T Bank in 2018 amounted to less than 1% of NPM's annual revenues. M&T Bank has advised NPM that it is prepared to waive any conflict associated with NPM's representation of the Debtor in this case. NPM has advised the Debtor to retain separate counsel to represent him with regard to such disputes if a dispute arises between the Debtor and M&T Bank.

5. To the best of my knowledge, NPM does not hold or represent an interest adverse to the interests of the creditors of the Debtor's bankruptcy estate.

6. To the best of my knowledge, NPM is a "disinterested person" within the meaning of 11 U.S.C. Sections 101(14) and 327.

7. While NPM has made a diligent effort to ascertain the identity of and clear any potential conflicts with interested parties, it is possible that the Debtor or NPM have not yet identified all creditors and parties-in-interest, and, therefore, that NPM may have other contacts hereto. To the best of my knowledge, however, NPM has identified all significant parties in this matter with the results set forth above. To the extent that any additional information comes to light, NPM will review, disclose, and resolve any conflict or adverse interests that may appear.

8. To the best of my knowledge, understanding, and belief, the proposed employment of NPM is in all respects in accordance with and proper under 11 U.S.C. Section 327.

*[signature]*
Douglas S. Skalka

Subscribed and sworn to before me
this 29th day of March, 2019
*[signature]*
Jane E. Ballerini
Commissioner of the Superior Court

3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

------------------------------------------------x
:
In re:                                          :    CHAPTER 11
                                                :
ANDREW N. KORNSTEIN                             :    CASE NO. 19-50396 (jam)
                                                :
        Debtor.                                 :
------------------------------------------------x

## ORDER AUTHORIZING THE EMPLOYMENT OF
## NEUBERT, PEPE & MONTEITH, P.C. AS COUNSEL FOR THE DEBTOR

Upon the Application of the above-named Debtor seeking authority to employ and appoint Neubert, Pepe & Monteith, P.C. pursuant to Section 327(a) as attorneys to represent him as Debtor-in-Possession ("Application"), and upon the Declaration of Douglas S. Skalka, and it appearing that Neubert, Pepe & Monteith, P.C. are attorneys duly admitted to practice in this Court, and the Court being satisfied that Neubert, Pepe & Monteith, P.C. does not represent any adverse interest to said Debtor-in-Possession herein, or to his estate, and are disinterested persons, and that the employment of Neubert, Pepe & Monteith, P.C. is necessary and would be in the best interest of the estate, it is hereby

ORDERED that Andrew N. Kornstein as Debtor-in -Possession herein be and he is hereby authorized pursuant to Section 327(a) to employ Neubert, Pepe & Monteith, P.C. to represent him as Debtor-in-Possession on an hourly basis in the within proceedings under chapter 11 of Title 11 of the United States Code. The retainer of $25,000 and the filing fee of $1,717 paid by Faye Kornstein Irrevocable Trust to Neubert, Pepe & Monteith, P.C. disclosed in the Application will be held by Neubert, Pepe & Monteith, P.C. at Webster Bank, N.A. and will remain property of the Debtor's bankruptcy estate until such time as the Bankruptcy Court approves its use to pay legal fees and expenses incurred in representing the Debtor in contemplation of and in connection with

the chapter 11 case; and it is further

ORDERED that the effective date of this order shall be March 27, 2019; and it is further

ORDERED that Neubert, Pepe & Monteith, P.C. is directed to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with 11 U.S.C. §§ 330 and 331, the applicable Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Procedure. Compensation will be paid in such amounts as may be allowed by the Court on proper application.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

|  |  |
|---|---|
| In re: | CHAPTER 11 |
| ANDREW N. KORNSTEIN | CASE NO. 19-50396 (JAM) |
| Debtor. |  |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 29, 2019 the foregoing document was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

Dated: March 29, 2019  
       New Haven, Connecticut

THE DEBTOR,  
ANDREW N. KORNSTEIN

By: /s/Douglas S. Skalka  
    Douglas S. Skalka (ct00616)  
    NEUBERT, PEPE & MONTEITH, P.C.  
    195 Church Street  
    New Haven, CT 06510  
    Telephone (203) 821-2000  
    dskalka@npmlaw.com

**19-50396 Notice will be electronically mailed to:**

Douglas S. Skalka on behalf of Debtor Andrew Nelson Kornstein
dskalka@npmlaw.com, smowery@npmlaw.com; ecrafts@npmlaw.com; npm.bankruptcy@gmail.com

U. S. Trustee
USTPRegion02.NH.ECF@USDOJ.GOV

**19-50396 Notice will not be electronically mailed to:**